## Case No. 14,345.

### The UNION.

[2 Biss. 18.[1] 2 Chi. Leg. News, 121.]

Circuit Court, N. D. Illinois. June, 1868.

MARITIME TORTS—REMOTE DAMAGES.

The libellant had left his tug and taken refuge in another at the time of a collision, and was injured in regaining his tug. *Held*, the collision was the remote, not the proximate, cause of the injuries to libellant, and he cannot recover.

[Cited in Cardwell v. Republic Fire Ins. Co., Case No. 2,396; The Nereus. 23 Fed. 457.]

[Appeal from the district court of the United States for the Northern district of Illinois.]

This was a libel filed by Peter Nolan, one of the crew of the tug Dole, for damages caused by the crushing of his leg at the time of a contact between the tugs Dole and Union, he claiming that it was on account of the negligence of the latter tug.

The facts appear in the opinion.

Bates & Towsley, for libellant.

Waite & Clarke, for respondent, cited in support of the position that the damages were too remote to be recovered: Pearson v. Duane, 4 Wall. [71 U. S.] 605; Insurance Co. v. Tweed, 7 Wall. [74 U. S.] 50; Milton v. Hudson River Steamboat Co., 37 N. Y. 210; Miller v. Trustees of Mariners' Church, 7 [Green].] 51; Shannon v. Comstock, 21 Wend. 457; Clark v. Marsiglia, 1 Denio, 317; Spencer v. Halstead, Id. 606; Loker v. Damon, 17 Pick. 284; Ryan v. New York Cent R. Co., 35 N. Y. 210; Waite v. Gilbert, 10 Cush.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

177; Hill. Torts, 424; Denny v. New York Cent. R., 13 Gray, 484.

DRUMMOND, District Judge. The tugs Union and Dole collided outside of Chicago harbor, May 28, 1867, no special damage being done, but several of the men on the Dole, the master and libellant among the rest, fearing that she would fill and sink, left her and took refuge on the Union. The tugs shortly afterward separated. The Dole soon righted, and those of her crew on board the Union wished to return. The Union then approached the Dole to put them on board, and after two efforts all were put on board except libellant. He was sitting upon the rail with his legs hanging over the side, and when the tugs came in contact one of his legs was crushed.

This being so, the question arises, whether the fault, if fault there was in the Union, in the first instance was the proximate cause of the injury to the libellant. Admitting that there was fault on the part of the Union, and that the collision was the result of that fault, was he injured by that collision in such a way as to entitle him to damages? I think he was not.

It is true, as is argued by the counsel, that if the tugs had not come together in the way that they did, if these men had not been frightened as they were and taken refuge on board of the Union, the result would not have happened. In that sense the collision was the cause of the injury, but in the sense of the law I think it was the remote cause; the remote, and not the proximate cause of the injury. The proximate cause of the injury was the two tugs coming together afterwards, and the libellant putting his legs over the rail of the Union in the effort to return on board of the Dole. It was this last contact, not claimed to be a fault on the part of the Union, together with the position of the libellant, that were the proximate causes of the injury to the libellant, and therefore, without deciding whether in point of fact, under the evidence, the Union was in fault or not, I think that the libellant cannot recover. The libel will therefore be dismissed.